# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv184

| | |
|---|---|
| BORGWARNER, INC.; and BORGWARNER TURBO SYSTEMS, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) ) ORDER |
| HONEYWELL INTERNATIONAL, INC., | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the court on plaintiffs' Motion for Filing Under Seal. Having considered plaintiffs' motion and reviewed the pleadings, and having further considered:

**(1)** a non-confidential description of the material sought to be sealed;

**(2)** a statement as to why sealing is necessary and why there are no alternatives to filing under seal;

**(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and

**(4)** supporting statutes, case law or other authority.

Review of the pleading reveals that the Motion to Seal is not supported by a memorandum of law that addresses many of the above concerns. Further, having conducted an initial review of the plaintiff's Response to Honeywell International, Inc.'s Motion to Transfer, the court is unclear as to what portions of such response - - which would normally be public record - - involve confidential business secrets, the disclosure of which would harm plaintiffs' business. Indeed, the bulk of the brief discusses why this action should remain in this district. Finally, the court has reviewed the exhibits annexed to the response which plaintiffs seek to seal. Exhibits D, E , & F appear to materials obtained from public domains on the internet, Exhibit G appears to be a prospectus of Honeywell, which the court has reason to be is a publicly traded company, and Exhibit I appears to be either a continuation of Exhibit G or another prospectus or brochure. Exhibits A, B, and H appear to be documents that contain confidential communications or licensing agreements which contain proprietary information.

Under current case law, this court is obliged to carefully consider sealing evidentiary materials in civil cases, and must use extreme care in sealing the legal arguments of counsel.

We have held that in determining whether to seal judicial

> documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. *Goetz*, 886 F.2d at 66.

Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005). The proposed revision of the Local Civil Rules fully reflect current case law, and may well go into effect during the pendency of this action. In accordance with the requirements of Media General, the Motion for Filing Under Seal cannot be allowed. Plaintiffs will, however, be granted 10 days from the filing of this Order to either file a motion that meets Media General or otherwise respond to defendant's Motion to Transfer.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Filing Under Seal (#28) is **DENIED** without prejudice as to refiling or otherwise responding to the Motion to Transfer within 10 days.

Signed: August 20, 2007

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge