# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv184

| | |
|---|---|
| BORGWARNER, INC.; and BORGWARNER TURBO SYSTEMS, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) ) |
| HONEYWELL INTERNATIONAL, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(b), and on defendant's 28 U.S.C. §1404(a) Motion to Transfer to the Central District of California (#26). The court also has before it and has fully considered defendant's Brief in Support (#27), plaintiffs' Response (#29), and defendant's Reply (captioned as a "Response") (#37). The court has carefully considered the well reasoned briefs of respective counsel and, for the reasons discussed below, must recommend that such motion be denied.

# FINDINGS AND CONCLUSIONS

**I.     Background**

In this action, plaintiffs contends that defendant has infringed three United States Patents which they either hold or are the exclusive licensee. The patents are directed to a cast titanium compressor wheel and a manufacturing process for making such wheel, which is used in turbochargers. First Amended Complaint, at ¶¶ 9, 13, 20, 27. It is plaintiffs' contention that defendant, its main competitor, infringes such patents by making and/or inducing others to make cast titanium compressor wheels that meet claims in the '347 patent, that use a method covered by one or more claims in the '556 and '949 patents, and by using, selling, and/or offering to sell and inducing others to use and sell such cast titanium compressor wheels, and/or turbocharger products. While defendant has offered an extensive and technical explanation of the process by which the wheels it uses are manufactured, for the purposes of brevity it appears that defendant contends that in defense of this action, it will seek a declaration that plaintiffs' patents are invalid inasmuch as the wheel defendant's use, as well as the process, were developed and implemented some four years before plaintiffs even applied for the patents in suit

It is undisputed that both Borgwarner, Inc., and Honeywell, Inc., are Delaware corporations, that Borgwarner's principle place of business is in Michigan, that

Honeywell's principle place of business is in New Jersey, that Honeywell's relevant turbocharger division is in the Central District of California, and that Borgwarner Turbo Systems, Inc., is located in this district. While the briefs are extensive and go so far as to provide competing charts as the merits of one federal district over another, the keystone to defendant's argument is the presence in the Central District of California of key non-parties to this action, as well as their facilities, who defendant contends invented and implemented the process for making cast titanium compressor wheels years before plaintiffs even applied for their patents.

While not going so far as to argue fraudulent joinder, defendant also questions the presence of Borgwarner Turbo Systems, Inc., in this matter inasmuch as such subsidiary of Borgwarner Inc. does not own the patents in suit. Plaintiffs have argued, however, that such subsidiary is a real party in interest inasmuch as Borgwarner Turbo Systems, Inc.: (1) holds an exclusive license as to the patents in suit; (2) it finishes the patented compressor wheels and assembles them into turbochargers; (3) it employs or employed the inventors, who reside in this district; and (4) that it has lost sales to defendant based on defendant's competing sales of turbochargers that allegedly use infringing wheels.

## II.   Applicable Legal Standard

By filing this action in the Western District of North Carolina, plaintiffs have

selected a proper forum for the resolution of this case. In moving to transfer venue, defendant must and has relied on the discretionary transfer provisions of 28, United States Code, Section 1404(a). Under Section 1404(a), this court may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). "Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the discretion of the transferring judge." Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).

In determining whether discretionary transfer is proper, the court must balance eleven factors: "(1) the Plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of any judgment obtained; (7) the relative advantages and obstacles to a fair trial; (8) other problems which might make the litigation more expeditious and economical; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies resolved at home and the appropriateness in having litigation of a diversity case [if this were a diversity case] in a forum that is at home with the state law that must govern the action; and (11) the avoidance of issues involving conflict of laws." American Motorists Ins. Co.

v. CTS Corp., 356 F. Supp. 2d 583, 585 (W.D.N.C. 2005).

In this case, defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in his favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of the factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990).

## III. Discussion

### A. The Plaintiff's Initial Choice of Forum.

In this case, plaintiffs clearly desire to litigate this matter in the Western District of North Carolina. In order to determine whether transfer is proper, a balance must be struck between the competing interests; and unless the balance is tipped strongly in favor of the moving party, Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984), plaintiff's choice of forum should not be disturbed. Upon a motion to transfer, the moving party carries the burden, 1A Moore's Federal Practice, para. 0.345[5], at 4360 (Matthew Bender 1990); and the burden is heavy, Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989).

A defendant carries a particularly heavy burden when it moves pursuant

to [Section] 1404(a) to transfer an action from a district where venue is proper. As this court has noted previously, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed."

Phillips v. S. Gumpert Co., Inc., 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) (citations omitted) (quoting Western Steer Mom 'N' Pop's v. FMT Invs., Inc., supra, at 265). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

The court must give this factor **great weight**,[1] Minute Man Anchors, Inc. v. Oliver Technologies, Inc., 2005 WL 1871164, 14 (W.D.N.C. 2005),[2] and this factor strongly **favors retention** of this matter in this district.

    **B.    The Residence of the Parties.**

It appears that while neither the corporate defendant or corporate parent plaintiff resides in this district, plaintiff's subsidiary which manufacturers all of its turbos is located in this district and that defendant's division that manufactures turbos is located in the Central District of California, with assembly occurring in Mexico. This factor is **neutral**.

---

[1] For ease of review in conducting the quantitative and qualitative analysis, the undersigned has placed such terms in a bold font.

[2] Due to the limits of ECF, a copy of such unpublished opinion is placed in the electronic record through reference to the Westlaw citation.

### C. The Relative Ease of Access to Proof.

In this case, plaintiff contend that the inventors as well as the paperwork that supports their inventions and patents are found in this district. Defendant contends that the inventors of their wheel as well as the facility, machines, and process used to manufacture the alleged infringing wheel are all found in the Central District of California. Defendant points out that while plaintiffs' wheels may be finished and assembled into turbos in this district, they are actually manufactured outside this district.[3] The court finds that in discovery, each party will be equally burdened in accessing proof, and that the relative ease of access to proof is, therefore, **neutral**.

### D. The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses.

Defendant points out that its defense of this matter (and perhaps counterclaim) is dependent upon its non-party suppliers of titanium wheels located in the Central District of California. While such witnesses would be outside the subpoena power of this court for trial, such witnesses could be subpoenaed for depositions within that district through process issued by the Central District of California. In the event any witnesses located in that district were unwilling to attend trial, such deposition

---

[3] Defendant's arguments concerning compulsory process and a view, while related to this factor, will de discussed below as they are specifically covered by other factors.

testimony could be admissible as that of an unavailable witness. If, however, this matter were transferred, it would appear that there would be little need of compulsory process inasmuch as most, if not all, of plaintiffs' witnesses are its own employees or former employees who reside in this district and remain under contract.

Regardless of where this action is tried, there will be substantial costs to both sides for travel to and from both North Carolina and California. Inasmuch as defendant's relevant division is located in the Central District of California, the costs it will incur in either taking or attending the deposition of California non-parties is minimal. Likewise, if this action were to remain in this district, plaintiffs would have minimal costs attending the depositions of its own employees.

Thus, as to this factor, it would appear that transfer would in fact make available compulsory process over non-parties who are key to defendant's defense or counterclaims. In reality, however, the undersigned cannot imagine that such non-parties, who have a ongoing business relationship with defendant, would not fully cooperate with defendants and provide testimony at trial. Equally, now that such non-parties alleged involvement in the manufacture and sale of allegedly infringing products has been disclosed, the undersigned surmises that such non-parties may not be non-parties for long. While this factor **favors** transfer, the undersigned has, respectfully, found qualitatively that such factor must be given **minimal weight**

inasmuch as these witnesses would likely cooperate with defendant in defending their product and are unlikely to remain non-parties.

**E.  The Possibility of a View.**

The patents in suit concern not only the titanium wheels, which are easily transportable to either venue, they also concern the processes by which they are made. It would appear from the arguments that defendant's wheels are manufactured in California, while plaintiffs' wheels are only finished and assembled in this district. Regardless of the district in which this action is tried, to actually view the process first hand, a jury would be required to travel to both manufacturing facilities, which would be impracticable in either court.  Indeed, the undersigned cannot imagine that any court would allow a jury to view one plant without viewing the other. Again, reality must be factored in, and this court is certain that both this court and its sister court in California would prefer (if not require) a video of the process at each plant in lieu of the expense, risk, and delay that would be inherent with an actual view. This factor is **neutral**.

**F.  The Enforceability of a Judgment, If Obtained.**

This factor is also **neutral** inasmuch as a judgment obtained in a federal court in California is - - as is a judgment obtained in this court - - enforceable nationwide.

**G.  The Relative Advantages and Obstacles to a Fair Trial.**

This factor is **neutral** in that a fair trial can be obtained in any federal court for either side.

**H. Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive.**

There appear to be no other practical problems outside of the factors previously considered that make trial any easier here than in California. This factor is **neutral**.

**I. The Administrative Difficulties of Court Congestion.**

While defendant has done an excellent job of research and has accurately reported statistics available from the Administrative Office of the Courts; however, the slight statistical edge held by the Central District of California in median civil case resolution is a macro view, and does not take into consideration the speed with which cases within the Asheville Division of this district are resolved. There appears to be no significant difference in court congestion. This factor is **neutral**.

**J. The Interest in having Localized Controversies Settled at Home and the Appropriateness in having the Trial of a Diversity Case in a Forum that is at Home with the State Law that must Govern the Action**.

While there is interest in having plaintiffs' dispute resolved in this community, inasmuch as one of the plaintiff's is a corporate resident of this district, there would be an equal interest in resolving this matter in the Central District of California. The

laws governing this action are federal patent laws, of which all federal courts are equally familiar and comfortable. This factor is **neutral**.

**K.   The Avoidance of Unnecessary Problems with Conflict of Laws.**

This factor is **neutral** inasmuch as this action involves a federal question.

* * *

Having considered all of the factors individually, the undersigned will now consider all the factors cumulatively. Both quantitatively and qualitatively, the factors weigh in favor of retention of this matter in this district. While one factor weighs in favor of retention and one factor weighs in favor of transfer, the factor in favor of retention must be given great weight, while the factor that favor transfer has been given minimal weight. Thus, the undersigned will respectfully recommend that the district court, in its discretion, deny defendant's Motion to Transfer Venue under Section 1404(a).

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Transfer Venue (#26) be **DENIED**

The parties are hereby advised that, pursuant to 28, United States Code, Section

636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: October 16, 2007

Dennis L. Howell
United States Magistrate Judge