**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
Civil No. 1:07-CV-184

| | |
|---|---|
| **BORGWARNER INC., and BORGWARNER TURBO SYSTEMS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**HONEYWELL INTERNATIONAL, INC.,**<br><br>Defendant. | **PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties, BorgWarner Inc. and BorgWarner Turbo Systems, Inc. (collectively "BorgWarner"), and Honeywell International, Inc. ("Honeywell"), through their respective counsel, hereby stipulate to the following Protective Order:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.

2. DEFINITIONS AND DESIGNATIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staff). Third parties producing documents in the litigation (either via subpoena or voluntarily) shall have the same

right to designate documents and information under this Order as a Party and shall be treated as a Party for that Purpose.

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     Any Producing Party may designate any Discovery Material as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under the terms of this Protective Order if such a party in good faith believes that such Discovery Material contains nonpublic, confidential and sensitive information, including, but not limited to, financial data; market and sales information; customer lists and information; business plans, reports and memoranda; internal communications, notes, summaries, reports and memoranda concerning financial, business or product information; technical data and tests, product design, formulation and implementation; research and development activities; source code; data processing algorithms; data structures; non-public patent application materials; protocols; and encryption and data security mechanisms.

2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.8     Outside Counsel: attorneys (as well as their support staffs) who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.10    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.).

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

4.     DURATION

This Order shall apply retroactively to documents produced by BorgWarner on a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" basis, as well as the license agreement and database extract produced by email dated July 20, 2007, and shall remain in effect after the termination of this litigation. The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order [see, e.g., section 5.2(a), below], or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" on each page that contains protected material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend (or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY") to each page that contains Protected Material;

(b)     for testimony given in deposition, such testimony may be orally designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" during the

deposition. Alternatively, at any time up to thirty days after Outside Counsel of record for the Designating Party receives the actual transcript (i.e., not a "rough" or preliminary transcript), the testimony may be designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" so long as all other parties to this litigation are informed in writing within the thirty days. In the event the entire transcript is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" for efficiency purposes at the deposition, the non-designating party may request in writing, after the deposition transcript has been provided to all parties, that the designating party identify the specific portions of the transcript that contain Protected Material. After a written request is made, the designating party shall have twenty (20) business days to identify the Protected Material by page and line number;

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the item, the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall make reasonable efforts to retrieve copies of such material that were disseminated prior to the designation to persons not permitted to view "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material by requesting in writing that such person either return all copies or certify that they have destroyed and/or deleted all such copies.

      5.4      Assertion of Privilege After Production. The inadvertent production of any privileged material shall not be deemed a waiver of any claim of privilege of the information. Upon receiving written notice from the Producing Party that privileged material has been inadvertently produced, all such privileged material and any copies thereof shall immediately be returned to the Producing Party and the receiving party shall not use any such privileged material or privileged information therein for any purpose absent further Order of this Court.

      6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1      Timing of Challenges. No party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not preclude a subsequent attack on the propriety of the designation.

      6.2      Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances. If after ten (10) business days the Designating Party refuses to de-designate the document(s) in question, a challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3      Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion with the Court compelling the Designating Party to remove its

confidentiality designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Receiving Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party solely for the purpose of this litigation between the parties, and any appeal, and shall not use Protected Material for any other purpose, including, but not limited to, preparing, filing and prosecuting patent applications. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION). The Receiving Party must take reasonable measures when storing and maintaining Protected Material so as to ensure that access to the Protected Material is limited to the persons authorized under this Order.

7.2 Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the

information for this litigation (a Receiving Party may not disclose "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to its in-house counsel);

    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

    (c) the Court and its personnel and the jury, if any;

    (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who agree to treat the Protected Material in accordance with their ordinary operating procedures for maintaining confidential documents;

    (e) jury or trial consultants retained by a party in this action, providing that any such consultant is not an employee of a party nor anticipated to become an employee in the near future and is approved pursuant to paragraph 7.4.

    (f) mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror;

    (g) vendors who have been retained by a party to provide translation or interpretation from a foreign language into English or vice versa and who agree to treat the

Protected Material as confidential and limit its use to providing such translation or interpretation services; and

(h) John Gasparovic, in-house counsel for BorgWarner; and Sarah Slover, in-house counsel for Honeywell.

7.3 Disclosure of Protected Material at Depositions or Trial. Any individual, such as a deposition witness, trial witness, or potential witness, may be shown Protected Material by an attorney bound by this Protective Order under the following conditions:

(a) the individual is identified expressly on the material as a signatory, author, addressee or recipient of a copy of the materials;

(b) the individual is a current officer, director, or employee of a Party, the document has been designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by that Party, and the document is of the type to which such individual would not normally be precluded from having access;

(c) the individual is a witness designated by a Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the document has been designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by that Party, and the document fairly relates to the subject matter for the 30(b)(6) topic(s) for which the witness has been designated and the individual's testimony for the same; or

(d) the individual is a former officer, director, or employee of a Party, the document has been designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by that Party, and it appears from the face of the document that the individual had previously viewed the document while employed by the Party or the document is one to which such individual would normally have had access to during the course of his former employment.

Under no circumstances will the use of Protected Material during a deposition or trial constitute a waiver of the designated status of the materials.

7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each of the Expert's employers by whom the expert has been employed during the preceding four years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding four years. If an expert or consultant's work on a particular case is confidential, i.e., the expert or consultant has not been disclosed, then the expert or consultant in lieu of providing specific details identifying the case (case name, number, and location) may instead describe the general subject matter of the case and his or her consulting activities for that matter.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may move the Court for an order mandating that the Expert be given access to Protected Material. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," the Receiving Party must so notify the Designating Party, in writing (by facsimile or email, if possible) immediately after receiving the subpoena or order and in no event more than five days after the Receiving Party reasonably understands that the subpoena or order might call for production of Protected Material. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. Also, the Receiving Party shall attempt to seek confidential treatment similar to the treatment by this Order of any Protected Material that it does produce to the Party in the other action. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect

its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 6.1.

10. FINAL DISPOSITION. Unless otherwise ordered, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or certify its destruction. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. MISCELLANEOUS

11.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

| | |
|---|---|
| /s/  Larry S. McDevitt | /s/  Forrest A. Ferrell |
| Larry S. McDevitt, Bar No, 5032 | Forrest A. Ferrell (Bar No. 1439) |
| THE VAN WINKLE LAW FIRM | Attorneys for Defendant |
| 11 North Market Street | SIGMON, CLARK, MACKIE, HUTTON, |
| Asheville, NC 28801 |    HANVEY & FERRELL, P.A. |
| Telephone:  828-258-2991 | 420-B Third Ave. NW |
| Facsimile:  828-255-0255 | Hickory, NC 28601 |
| Email:  lmcdevitt@vwlawfirm.com | Telephone:     (828) 328-2596 |
| | Facsimile:      (828) 328-6876 |
| | Forrest.Ferrell@SigmonClark.com |
| OF COUNSEL: | OF COUNSEL: |
| FISH & RICHARDSON P.C. | Robert G. Krupka, P.C. (admitted *pro hac vice*) |
| | Marc H. Cohen (admitted *pro hac vice*) |
| David M. Barkan | Philip T. Chen (admitted *pro hac vice*) |
| 500 Arguello Street, Suite 500 | Attorneys for Defendant |
| Redwood City, California 94063 | KIRKLAND & ELLIS LLP |
| Telephone:  650-839-5070 | 777 South Figueroa Street |
| Facsimile:  650-839-5071 | Los Angeles, California  90017 |
| Email:  Barkan@fr.com | Telephone:    (213) 680-8400 |
| | Facsimile:     (213) 680-8500 |
| Joshua A. Griswold | bkrupka@kirkland.com |
| 1717 Main Street | mcohen@kirkland.com |

Suite 5000  
Dallas, TX 75201  
Telephone:  214-747-5070  
Facsimile:  214-747-2091  
Email:  griswold@fr.com

pchen@kirkland.com

*Attorneys for Defendant*

Ralph A. Phillips  
1425 K Street, N.W.  
Suite 1100  
Washington, DC 20005  
Telephone:  202-783-5070  
Facsimile:  202-783-2331  
Email:  RPhillips@fr.com

*Attorneys for Plaintiffs*

## IT IS SO ORDERED.

Signed: February 8, 2008

Martin Reidinger  
United States District Judge

# EXHIBIT A

Agreement to Be Bound by Protective Order

I, _____, residing at _____

_____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of North Carolina on _____, 2007 in the case of BorgWarner Inc. and BorgWarner Turbo Systems, Inc. v. Honeywell International, Inc., No. 07-CV-0184-MR-DLH

I agree to comply with and to be bound by all the terms of this Protective Order and promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Protective Order.

Date: _____

By: _____