IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:07cv184

| | |
|---|---|
| BORGWARNER, INC. and BORGWARNER TURBO SYSTEMS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> HONEYWELL INTERNATIONAL, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) **O R D E R** ) ) ) ) ) ) |

**THIS MATTER** is before the Court on the Defendant Honeywell's Renewed Motion to Stay Proceedings Pending Reexamination of the Patents-in-Suit [Doc. 59], filed on May 27, 2008.

On May 30, 2007, the Plaintiffs filed this action alleging infringement by the Defendant of three patents, United States Patent No.6,629,556 (hereinafter referred to as "the '556 patent"); United States Patent No. 6,663,347 (hereinafter referred to as "the '347 patent"); and United States Patent No.6,904,949 (hereinafter referred to as "the '949 patent") (hereinafter collectively referred to as the "patents-in-suit"). On March 18,

2008, the Defendant filed with the United States Patent and Trademark Office (hereinafter the "USPTO") a request for *ex parte* reexamination of the patents-in-suit by the USPTO. Defendant then filed a motion to stay this action pending such reexamination [Doc. 48], which motion was denied as premature. [Doc.51]. On May 16, 2008, the USPTO granted Defendant's request to reexamine the '347 patent. [Doc.61-2]. The USPTO then granted Defendant's request for reexamination of the '556 patent and the '949 patent on May 28, 2008. [Doc. 64-2 and 64-3]. The Defendant renewed its motion for stay in light of the USPTO's grant of reexamination. [Doc.59]. The USPTO has not issued any Office Action on the Merits or taken any other action with regard to the request for reexamination other than to announce that it will allow *ex parte* reexamination.

Plaintiffs and Defendant alike cite to the very recent case of Cornerstone Biopharma, Inc. v. Vision Pahrma, LLC, No.5:07cv00389 (E.D.N.C., February 15, 2008), which states the applicable standard as follows:

> The determination of whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the court's discretion. See, Tap Parm. Prods. Inc. v. Atrix Labs. Inc., 70 U.S.P.Q 2d 1319, 1320 (N.D. Ill., 2004) (Citing Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir., 1983)). When ruling on such a stay, court consider several factors: (1) the stage of the

2

> litigation, including whether discovery is or will be almost complete and whether the matter has been scheduled for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and, (3) whether a stay will simplify the issues in questions and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. Id.; see also, Methode Elecs., Inc. v. Infineon Techs. Corp., No 99-21142, U.S. Dist. LEXIS 20689, at *5-6 (N.D. Cal, Aug. 7, 2000). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entertainment, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994).

Id. at *2.

The present case, unlike Cornerstone Biopharma, has been pending since May, 2007. In fact, this case had been pending for ten months when the Defendant requested reexamination by the USPTO. The parties represent to the Court, without any dissent, that they have exchanged some 125,000 pages of documents, and have exchanged written discovery, even though no depositions have yet been taken and further written discovery is planned on both sides. Both sides have filed all of their submittals and memoranda regarding claim construction. In fact, the Markman hearing was tentatively scheduled for July 1, 2008, until it was replaced on the Court's calendar with the hearing on the present motion to stay. All parties assert that they are ready and able to proceed with the Markman hearing. Even though this case has not yet been scheduled for

trial, and would not be tried for some months, it would be incorrect to state that this case is at an early stage of proceedings. For these reasons the first factor weighs, though somewhat lightly, against the issuance of a stay.

The Plaintiffs argue that they would be prejudiced by the issuance of a stay. They assert that they seek a permanent injunction in this action, and that any such equitable relief is denied for as long as it is delayed. More importantly, however, it appears to the Court that the motion for stay, as well as the request for reexamination by the USPTO, has been timed so as to provide a tactical advantage to the Defendant. It is not disputed that the Defendant was aware as early as 2005 of a substantial portion of the prior art that forms the basis for the request for reexamination. Defendant corresponded with the Plaintiffs regarding the issue at that time and into 2006, but Defendant took no action with the USPTO. When Plaintiff filed this action in May, 2007, again the Defendant took no action seeking reexamination of the patents. The month following the issuance by this Court of the Case Management Order in this proceeding, however, Defendant sought reexamination by the USPTO, and three days later filed the original motion for stay with this Court. It is difficult for the Court to see the timing of these actions as merely coincidental. The Court also notes

that the Defendant has sought *ex parte* reexamination by the USPTO. By this procedure the Defendant would not be bound by any adverse decisions by the USPTO. The lateness and one-sidedness of these proceedings before the USPTO underscore the fact that the further the parties have waded into this action the greater the Defendant's tactical advantage in obtaining a stay. At the present stage of these proceedings this factor weighs against the issuance of a stay.

Regarding the issue of whether a stay would simplify the issues, streamline the trial or reduce the burden of the litigation, the parties have bombarded the Court with a multitude of statistics concerning the likelihood that the request for reexamination will yield any change in the claims at issue. The diametrically opposed inferences the parties draw from the same USPTO statistics reminds the Court of the adage that whenever Bill Gates walks into a restaurant statistics show that he makes every patron in the restaurant a millionaire; the average wealth of the patrons has certainly increased to such a level as a result of his presence, but no wealth was actually transferred. The movant has failed to demonstrate that there is any reasonable likelihood that the reexamination will result in the Court having to contend later with different patent claims from the ones

presented at this time. If, however, the USPTO issues an Office Action on the Merits rejecting the claims of the patents-in-suit based upon the prior art presented by the Defendant, then this factor may have to be revisited. Even though the granting of the reexamination raises the possibility that a stay would reduce the burden of litigation on both parties and on the Court, a stay could likewise increase the burden of the litigation by needlessly dragging this case on if the reexamination renders no changes in the claims. This factor does weigh slightly in favor of a stay, but that weight is too slight to overcome the first two factors which weigh in favor of denying the stay. Based upon these findings and conclusions the Court will, in its discretion, deny the motion.

The motion for stay, however, will be denied without prejudice to refiling it in the event that the USPTO takes action which indicates a high likelihood that the claims of the patents-in-suit will be invalidated or substantially modified. The <u>Markman</u> hearing will be rescheduled for Monday, September 15, 2008.

**IT IS THEREFORE ORDERED** that the Defendant's Renewed Motion to Stay Proceedings Pending Reexamination of the Patents-in-Suit [Doc. 59] is **DENIED**, without prejudice to refiling if action is taken by the

USPTO which would warrant re-filing under the terms of this Order.

Signed: July 7, 2008

Martin Reidinger
United States District Judge