IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:07cv184

| | |
|---|---|
| BORGWARNER, INC. and<br>BORGWARNER TURBO<br>SYSTEMS, INC., <br><br>Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **O R D E R**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on the Notice of Office Actions from the USPTO Rejecting All Claims of the Three Patents-in-Suit filed by the Defendant Honeywell International, Inc. ("Honeywell") on February 2, 2010. [Doc. 163].

In its Notice, Honeywell states that the United States Patent and Trademark Office ("USPTO") issued Office Actions in the pending reexaminations of the three patents-in-suit (U.S. Patent Nos. 6,663,347 ("the '347 Patent"), 6,629,556 ("the '556 Patent"), and 6,904,949 ("the '949 Patent")), rejecting all claims on multiple grounds in view of certain prior art

patents and publications. Accordingly, Honeywell requests that the Court grant summary judgment on the same grounds as found by the USPTO. Alternatively, Honeywell renews its request that the Court stay this litigation, at least as long as the asserted claims stand rejected by the USPTO. [Doc. 164].

To the extent that it seeks to assert new and additional grounds for summary judgment and to renew its motions to stay present proceedings, Honeywell's Notice is procedurally improper. Neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide for the filing of a notice as a mechanism for a party to make further arguments on pending motions or to renew previously denied motions. Given the substance of its contents, Honeywell's "Notice" is nothing more than a surreply to its summary judgment motion and a motion to reconsider its previously denied motion to stay. Honeywell, however, submitted this Notice without a formally noticed motion, without conferring with BorgWarner, and without obtaining leave of Court for the filing of a surreply as required by the Local Rules. For these reasons alone, the requests contained in Honeywell's Notice must be denied.

Setting aside for the moment that Honeywell's filing was procedurally improper, the Court further notes that its request for summary judgment based on the USPTO's preliminary findings is premature. The Office Actions identified by Honeywell are preliminary, non-final determinations, and BorgWarner has the right to appeal such determinations first to the Board of Patent Appeals and Interferences and then to the Federal Circuit. Until such appeals are exhausted, the USPTO's determinations are not binding on this Court. See In re Bass, 314 F.3d 575, 577 (Fed. Cir. 2002) ("A reexamination is complete upon the statutorily mandated issuance of a reexamination certificate."); 35 U.S.C. § 316(a) (stating that reexamination certificate issues "when the time for appeal has expired or any appeal proceeding has terminated"). The USPTO's preliminary rejections of the patents-in-suit, therefore, have no bearing on the merits of Honeywell's summary judgment motion.

As for Honeywell's renewed request for a stay, the Court also finds Honeywell's arguments to be unpersuasive. As noted in BorgWarner's Response to Honeywell's Notice, the reexamination proceedings are still in their very early stages, and it likely could take years for these proceedings to be resolved. [See Doc. 164 at 5]. Given the late stage of this litigation,

and the enormous investment of time and money by both parties to date, the Court finds that a stay of the proceedings based upon the USPTO's preliminary reexamination determinations would be inappropriate at this time.

**IT IS, THEREFORE, ORDERED** that to the extent that the Defendant Honeywell seeks to assert in its Notice [Doc. 163] additional grounds in support of its motion for summary judgment and/or seeks to renew its request for a stay of these proceedings, such requests are **DENIED**.

**IT IS SO ORDERED.**

Signed: September 25, 2010

Martin Reidinger
United States District Judge